CLARA B. ROUSSEAU *et al. vs.* FRED C. FORTIN *et al.*, BOARD OF ALDERMEN OF THE CITY OF WOONSOCKET.

THE HARRIS & MOWRY CO. *v.* SAME.

APRIL 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. These are petitions for writs of mandamus to the Board of Aldermen of the City of Woonsocket demanding that they appoint three suitable and indifferent men under Section 31, Chapter 96 of General Laws, 1923, to endeavor to agree with the petitioners as to the damages they have suffered by an alleged change of grade in High street in said city. From a judgment of the Superior Court dismissing the petition, the petitioners have appealed to this court.

In 1874 the grade of said street was established as a matter of record by the proper authority and has never been changed by formal action by either the town or the city of Woonsocket. In 1922 the city brought High street to the grade established in 1874. At various times between 1874 and 1922 at first the town and then the city made improvements in said street by laying sidewalks, surfacing and making repairs and building sewers and drains therein, all of which was done while the street was at its natural grade.

It is the contention of the petitioners that these undisputed facts constituted an abandonment of the grade of 1874 and the adoption of the natural grade by user as the actual and legal grade of the street and that as a consequence, when the street was worked to the grade established in 1874, there

was a change of grade for which the petitioners are entitled to compensation for damages occasioned thereby.

Prior to 1859 grades of highways were established and changed by the surveyors of highways. There appears to have been no restriction of their power to make and change grades, and the abutting owners could not recover damages for a change of grade, provided the work was done with due care and in good faith. *Rounds* v. *Mumford*, 2 R. I. 154. In 1859 the power to establish grades was specifical y given to surveyors, and provision was made for damages resulting from a change of grade. In 1866 the power to change grades in a highway was vested in the town councils; in cities this power is exercised by the boards of aldermen.

The substance of these enactments, clarified in the revision of 1872, are now contained in Chapter 96 of G. L. 1923. Section 27 of said chapter is as follows: "Town councils may order highways or parts of highways to be graded within their respective towns, and whenever a grade for any highway shall be established the same shall not be changed but with the consent of the town council of the town in which it is located, nor without notice to the proprietors of lands abutting on said highway, which notice, if the proprietor resides within this state, shall be served five days before the passing of an order for such grade or change of grade, and if any of the proprietors reside without the state, notice shall be served upon them as provided by section six of chapter ninety-five. At the time and place named in said notice, the town council shall proceed to hear the parties, and to pass such order in reference to such grade, or change of grade, as they may think proper."

The matter of streets and highways, their establishment and maintenance lies entirely in the legislative field. The courts are concerned only with the interpretation of the statutes relating thereto. The statute above quoted is so clear and unambiguous as to leave no ground for an interpretation favorable to the contention of the petitioners. Once the grade of a highway is legally established it can be

changed only by the procedure prescribed by the statute. This procedure requires notice to the abutting owners, an opportunity to be heard on the question of the proposed change of grade, and the passing of an order in reference to such grade or change of grade. The formal character of the procedure made necessary by the statute to effect a change in the grade of a highway clearly indicates that by this method alone may a grade be legally changed. The doctrine of waiver or estoppel cannot be evoked when the steps necessary to be taken to effect a change of grade are so clearly stated.

The petitioners rely on *Aldrich* v. *Board of Aldermen*, 12 R. I. 241, in support of the proposition that the grade of a street may be legally established by user. In 1847 the street commissioners of the city of Providence, acting under an ordinance of the city, established a grade on Washington street and the street was subsequently worked to this grade which was recognized as the grade of Washington street until 1874. In that year the board of aldermen gave notice to the abutting owners of the intended change of grade in this street and subsequently directed a change of grade to conform to a profile prepared by the city engineer. It was held, contrary to the contention of the city, that the grade established and worked by the street commissioners in 1847 was the legal grade of said street and the change ordered by the board of aldermen was a change of grade for which the petitioner was entitled to compensation for the resulting damage to his property. It will be observed that the original grade was established before the legislation of 1866, vesting in the town councils the power to establish grades. In affording relief to the petitioner the court was not confronted with the positive provisions of a statute governing the subject and was, therefore, in a position to apply general legal principles to the facts.

The case of *Gardiner* v. *Town Council*, 16 R. I. 94, arose after the legislation of 1866. In that case an attempt was made to have the grade informally adopted by the town

council declared to be the legal grade. In 1867 the town council of the town of Johnston appointed a committee to survey and report a grade for Plainfield street. The committee made its report to the town council which accepted the same and also voted that the grade be placed as stated in the report. It was held that the action of the council was futile for the establishment of the grade for the reason that the council did not follow the terms of the statute. We do not think it profitable to discuss the cases in other jurisdictions relied on by the petitioners. The whole subject is statutory in origin and, as already stated, our opinion is that our statute permits of but one interpretation.

This conclusion is strengthened by the provisions of Section 31 of said Chapter 96 which requires that an abutting owner, deeming himself injured by any change of grade, shall make his claim for compensation within forty days after the change of grade shall have been completed. If the theory of abandonment of an established grade and the creation of another grade by user were adopted, it would be impossible to determine definitely when the change of grade was completed and therefore there would not be any definite time from which the forty days for the presentation of claims could be computed, and an abutting owner injured by the change of grade would consequently be without a remedy.

We agree with the contention of the petitioners that there has been an unreasonable delay in working High street to the grade legally established in 1874 but we are powerless to afford any remedy for damage occasioned thereby. As was said in *Rounds* v. *Mumford, supra,* "we cannot bend the law to meet the hardship of this particular case."

The appeal is denied and dismissed and the judgment of the Superior Court is affirmed.

*James H. Rickard,* for petitioners.

*Eugene L. Jalbert, City Solicitor,* for respondents.